Filed 5/13/24  P. v. Snow CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>　　v.<br><br>RICKY SNOW,<br><br>　　　　Defendant and Appellant. | C098308<br><br>(Super. Ct. No. CM027251) |

Defendant Ricky Snow was originally sentenced in 2008.  His sentence included two terms of 25 years to life under the original "Three Strikes" law, and prior prison term enhancements under Penal Code[1] section 667.5, subdivision (b).  The Legislature recently limited the circumstances in which these enhancements apply, and defendant appeals from the trial court's February 23, 2023, sentencing order pursuant to

---

[1] Undesignated statutory references are to the Penal Code.

1

section 1172.75. In that resentencing, the trial court struck defendant's prior prison terms but left his sentence otherwise intact.

On appeal, defendant argues he is entitled to resentencing because the court did not apply the Three Strikes Reform Act of 2012 (Reform Act or the Act) (Prop. 36, as approved by voters, Gen. Elec. (Nov. 6, 2012)) to reduce his sentence further. The People concede the error and agree with defendant that the trial court was required to resentence him under the current penalty provisions set forth in the Reform Act. For the reasons explained below, we reject the People's concession and affirm the judgment.

## BACKGROUND

In 2008, the trial court found defendant guilty of first degree burglary with a person present (§ 459 - count 1), making criminal threats (§ 422 - count 2), and vandalism (§ 594, subd. (a) - count 3). In a bifurcated proceeding, the trial court also found true allegations that defendant was previously convicted of two or more serious or violent felonies under the former Three Strikes law and that he served two separate prison terms under section 667.5, subdivision (b).

The trial court sentenced defendant to an aggregate term of 31 years to life. For his first degree burglary conviction, the court sentenced defendant to an indeterminate term of 25 years to life under the former Three Strikes law. The court added five years under section 667, subdivision (a), one year under section 667.5, subdivision (b), and imposed, but stayed pursuant to section 654, an additional one-year term under section 667.5, subdivision (b).

On defendant's conviction for making criminal threats, the court imposed a concurrent, upper term of three years in state prison, stayed pursuant to section 654. On defendant's vandalism conviction, the court imposed another indeterminate term of 25 years to life, plus two one-year enhancements under section 667.5, subdivision (b); the court stayed that term, along with the enhancements, under section 654.

2

In July 2022, the Department of Corrections and Rehabilitation identified defendant as a person serving a term of imprisonment that included an enhancement described in former section 1171.1, subdivision (a).[2]  The trial court appointed counsel and set the matter for resentencing.  At resentencing, the trial court struck defendant's prior prison term enhancements and resentenced defendant to 25 years to life, plus five years on his burglary conviction.  The court imposed but stayed the upper term of three years on defendant's conviction for making criminal threats, and imposed but stayed another indeterminate life sentence on his conviction for vandalism.

                                        DISCUSSION

A.        *Relevant Statutory Background*

          1.  *Three Strikes and The Reform Act*

     "Under the original Three Strikes law, a defendant with two or more prior serious or violent felony convictions would be sentenced to a life term for a current felony conviction even if the current conviction was not for a serious or violent felony.  (Former §§ 667, subd. (e)(2)(A), 1170.12, subd. (c)(2)(C).)  Voters enacted the Reform Act, as Proposition 36, in 2012.  Under the Reform Act, a defendant with two or more prior convictions for serious or violent felonies, whose current conviction was for a nonserious or nonviolent felony, would no longer receive a life sentence.  Instead, the term for the current offense would be doubled.  (§§ 667, subd. (e)(2)(C), 1170.12, subd. (c)(2)(C).)

     "The Reform Act also provides that any person currently serving a life term pursuant to the Three Strikes law for conviction of a felony that is not serious or violent may petition for resentencing.  (§ 1170.126, subd. (b).)  The petition must be filed within two years of the effective date of section 1170.126, November 7, 2012, or on a later date upon a showing of good cause.  (*Ibid*.)  If the petitioner satisfies the criteria for

_____

[2]  Former section 1171.1 was renumbered to section 1172.75 without substantive change. (Assem. Bill No. 200 (2021-2022 Reg. Sess.); (Stats. 2022, ch. 58, § 12).

3

resentencing, the petitioner shall be resentenced as a second striker 'unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety.' (§ 1170.126, subd. (f).)" (*People v. Superior Court* (*Guevara*) (2023) 97 Cal.App.5th 978, 983-984, fn. omitted, review granted Mar. 12, 2024, S283305 (*Guevara*).)

"The Reform Act allows the Legislature to amend it by statute only if the statute passes each house of the Legislature by a vote of two-thirds of the membership." (*Guevara*, *supra*, 97 Cal.App.5th at p. 985, review granted; see also *People v. Santos* (2024) 100 Cal.App.5th 666, 676 (*Santos*).)

 *2. Section 1172.75*

"Section 1172.75, subdivision (a), provides that a prior prison term enhancement imposed prior to January 1, 2020, is invalid, except for an enhancement imposed for a prior conviction for a sexually violent offense. Section 1172.75, subdivision (c), provides that if the court finds that the defendant's current judgment includes an invalid prior prison term enhancement, the court must recall the sentence and resentence the defendant." (*Guevara*, *supra*, 97 Cal.App.5th at p. 984, review granted.) Section 1172.75, subdivision (d)(2) provides that "[t]he court shall apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (See *Guevara*, at p. 984.)

Resentencing pursuant to section 1172.75 "shall result in a lesser sentence than the one originally imposed . . . unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety. Resentencing pursuant to this section shall not result in a longer sentence than the one originally imposed." (§ 1172.75, subd. (d)(1).) Moreover, the court may take into consideration postconviction factors, and "[u]nless the court originally imposed the upper term, the court may not impose a sentence exceeding the middle term unless there are circumstances in aggravation that

justify the imposition of a term of imprisonment exceeding the middle term, and those facts have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (*Id*., subd. (d)( 4), see subd. (3).)

B.     *Analysis*

Defendant argues the trial court erred in resentencing him to an indeterminate life term on his vandalism conviction because he was entitled to a "full resentencing" under section 1172.75, subdivision (d), during which the trial court was required to apply the current penalty provisions set forth in the Reform Act. And under the Reform Act, vandalism no longer qualifies as a serious or violent felony. Accordingly, he contends, the trial court was not authorized to impose an indeterminate life sentence on his vandalism conviction absent a finding "by clear and convincing evidence that imposing a lesser sentence would endanger public safety." (See § 1172.75, subd. (d)(1).) The People agree with defendant. We disagree with both parties.

As recently noted by this court, as well as the Second Appellate District, the interpretation of section 1172.75, subdivision (d) advanced by both parties in this appeal would result in an unconstitutional amendment to the Reform Act. (See *People v. Kimble* (2024) 99 Cal.App.5th 746, 758, fn. 6 (*Kimble*) review granted Apr. 24, 2024, S284259; see also *Santos*, *supra*, 100 Cal.App.5th at p. 676; *Guevara*, *supra*, 97 Cal.App.5th at pp. 984-987, review granted.)[3]

---

[3] The Attorney General's position on this issue has changed over time. The decision in *Guevara* arises from the Santa Barbara County District Attorney's petition for a writ of mandate to the Second District Court of Appeal. (*Guevara*, *supra*, 97 Cal.App.5th at p. 981, review granted.) Guevara made the same argument to the trial court that defendant makes here, i.e., that he is entitled to the benefit of the Reform Act upon resentencing under section 1172.75, subdivision (d). (*Guevara*, at p. 983.) Guevara's argument, however, succeeded in the trial court; his third strike sentence was recalled and he was resentenced to eight years, making him eligible for immediate release. (*Ibid*.) The district attorney then "sought a stay and a writ of mandate and appealed to challenge

First and foremost, section 1172.75 addresses the new pleading and proof requirements with respect to upper term sentences (see § 1170, subd. (b)) but says nothing about third strike offenses (§ 1172.75, subd. (d)(4)). "Likewise, there is no indication in the legislative history that the Legislature thought it was enabling resentencing of third strike sentences." (*Santos*, *supra*, 100 Cal.App.5th at pp. 675-676.) The parties make no effective argument for why this court should nevertheless bootstrap the Three Strikes sentencing scheme into section 1172.75.

To defeat a section 1172.75 petition, the People are required to show by *clear and convincing* evidence that imposing a shorter sentence on defendant would endanger the public. (§ 1172.75, subd. (d)(1).) The Reform Act, however, gave trial courts the *discretion* to reduce a third strike term for qualifying offenses. (§ 1170.126, subd. (f).) Thus, allowing defendants to use section 1172.75 to reduce a third strike term would

_____

the resentencing." (*Ibid.*) The Attorney General filed an amicus curiae brief in the appellate proceeding in support of the defendant's position. (*Id.*, at p. 980.) The Court of Appeal, however, sided with the district attorney and vacated the trial court's ruling. (*Id.*, at p. 988.)

In *Kimble,* the defendant also argued to the trial court that section 1172.75 entitled him to a recall of his third strike sentence. (*Kimble*, *supra*, 99 Cal.App.5th at pp. 749-750, review granted.) This trial court was *not* persuaded by Kimble's argument. (*Id.* at p. 750.) Kimble appealed. (*Ibid.*) On appeal, the Attorney General initially opposed Kimble's claim and this court agreed with the People. (*Id.* at p. 748.) After this court filed its opinion, however, the Attorney General petitioned for rehearing saying that his position had changed. (*Id.* at pp. 748-749.) The Attorney General now agreed with Kimble's position and offered his concession. (*Ibid.*) The Attorney General, however, offered no explanation for this shift and this court denied the petition for rehearing. (*Id.* at p. 749.)

The California Supreme Court then granted Kimble's petition for review and transferred the matter back to this court with direction to consider the Attorney General's changed position. (*Kimble*, *supra*, 99 Cal.App.5th at p. 749, review granted.) On transfer, the Attorney General again offered no explanation for his changed position or argument in support of his concession. (*Ibid.*) This court's conclusion thus remained the same.

result in a dramatic shift in the pleading and proof requirements already determined by the electorate. (See *Santos*, *supra*, 100 Cal.App.5th at p. 675; see also *Guevara*, *supra*, 97 Cal.App.5th at p. 987, review granted.)

" 'We find it difficult to escape the conclusion that the Act does not address the complexities involved in applying the pleading-and-proof requirements to previously sentenced defendants precisely because the electorate did not contemplate that these provisions would apply. Rather, voters intended for previously sentenced defendants to seek relief under section 1170.126, which contains no comparable pleading-and-proof requirements.' " (*Kimble*, *supra*, 99 Cal.App.5th 746 at p. 754, review granted, citing *People v. Conley* (2016) 63 Cal.4th 646, 660-661.)

In addition, the Reform Act required defendants serving a third strike term at the time of its effective date to petition the court for relief within two years of November 7, 2012. (§ 1170.126, subd. (b).) To seek relief outside of that two-year period, defendants are required to show good cause for the delay. (*Ibid.*) Were we to allow defendant to seek the ameliorative benefits of the Reform Act now, under section 1172.75, we would be allowing him to bypass the two-year limit without the required showing of good cause.[4] This cannot be what the electorate intended when they passed the Reform Act.

As this court has already noted, "If the Legislature had intended to amend the Reform Act, its ability to do so would have been constrained. 'The Legislature may not

---

[4] Unlike Guevara and Kimble, defendant here never filed for relief under the Reform Act, likely because it would not have resulted in a change to his sentence. (*Guevara*, *supra*, 97 Cal.App.5th at p. 982, review granted; *Kimble*, *supra*, 99 Cal.App.5th at p. 749, review granted.) As an initial matter, the indeterminate term imposed on defendant's vandalism conviction was stayed pursuant to section 654. More importantly, defendant also was convicted of first degree burglary with a person present (§ 460, subd. (a)) and making criminal threats (§ 422), both of which remain serious or violent felonies and warrant indeterminate terms under the Reform Act. (See §§ 667.5, subd. (c)(21), 1192.7, subd. (c)(18).)

amend an initiative statute without subsequent voter approval unless the initiative permits such amendment, "and then only upon whatever conditions the voters attached to the Legislature's amendatory powers." ' [Citation.] Section 11 of the Reform Act states, in relevant part, that the Legislature may only amend it via statute if the statute passes with a two-thirds vote." (*Santos*, *supra*, 100 Cal.App.5th at p. 676.) Senate Bill No. 483 (2021-2022 Reg. Sess.), now codified as section 1172.75, did not pass the Senate with a two-thirds vote. (See *Guevara*, *supra*, 97 Cal.App.5th at p. 985, review granted; see also *Santos*, at p. 676.) The parties do not challenge that these requirements were not met.[5]

The People continue to argue that a prisoner "whose third-strike sentence has been recalled for other reasons is not in the same position as a prisoner who is 'presently serving' a third-strike sentence." (See *Santos*, *supra*, 100 Cal.App.5th at pp. 676-677.) This court remains unpersuaded. (*Ibid.*) "Under the Reform Act, a prisoner in either position is entitled to resentencing only upon a successful petition under section 1170.126." (*Id.* at p. 676.) "[I]t is a 'leap in logic' to suggest the voters who passed the Reform Act would not consider defendant to be 'presently serving' a third strike sentence." (*Santos*, at p. 677.)

Finally, we note our agreement with the majority in *Guevara* that the parties' interpretation would result in a statute that benefits defendants with a more extensive criminal history while excluding relief "to those with a lesser criminal history."

---

**5** Defendant also makes an argument for judicial efficiency. Relying on this court's original decision in *Kimble*, he argues the trial court here had all the information it needed to resolve the question of whether a reduction in his indeterminate term would endanger the public. Thus, there was no additional burden on the court. Neither the original decision in *Kimble* nor the decision on transfer, however, stand for the proposition that judicial efficiency is a barrier to using section 1172.75 as a means to reduce a third strike term. (*Kimble*, *supra*, 99 Cal.App.5th at p. 754, review granted.) In any event, in the portion of *Kimble* upon which defendant relies, the court is discussing why differences in pleading and proof requirements make defendant's argument untenable—not placing an additional burden on the trial court. (*Ibid.*)

8

(*Guevara*, *supra*, 97 Cal.App.5th at p. 987, review granted.) This simply cannot be what the Legislature intended. (*Ibid.*)

In sum, the parties' interpretation of section 1172.75, subdivision (d) "would result in a wholesale repeal of section 1170.26 for those inmates serving an indeterminate term with a prior prison enhancement." (*Guevara*, *supra*, 97 Cal.App.5th at p. 985, review granted.) We thus conclude that the trial court did not err in keeping intact defendant's 25-year-to-life sentence.

DISPOSITION

The judgment is affirmed.

/s/
Wiseman, J.*

We concur:

/s/
Earl, P. J.

/s/
Krause, J.

---

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

9